**THE AGUILERA LAW GROUP, APLC**
Eric Aguilera (SBN 192390)
Kimberly R. Arnal (SBN 200448)
Lindsee Falcone (SBN 268072)
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
karnal@aguileragroup.com
lfalcone@aguileragroup.com

Attorneys for Plaintiffs TRAVELERS INDEMNITY COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation<br><br>Plaintiff,<br><br>vs.<br><br>LINEAGE LOGISTICS, LLC, successor in interest to U.S. Growers Cold Storage, Inc, a Delaware limited liability company; THE STELLAR GROUP, INCORPORATED, a Florida Corporation, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.:<br><br>**TRAVELERS INDEMNITY COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY RELIEF** |

Comes now Plaintiffs TRAVELERS INDEMNITY COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and plead the following allegations on information and belief in support of their complaint herein:

///

1

**TRAVELERS' COMPLAINT**

# JURISDICTION

1. Plaintiff TRAVELERS INDEMNITY COMPANY ("TRAVELERS INDEMNITY") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS INDEMNITY is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS PROPERTY") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS PROPERTY is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California. TRAVELERS INDEMNITY and TRAVELERS PROPERTY are collectively referred to as "TRAVELERS".

3. TRAVELERS is informed and believes and thereon alleges that LINEAGE LOGISTICS, LLC, successor in interest to US Growers Cold Storage, Inc. ("LINEAGE") is a corporation organized and existing under the laws of the State of Delaware, and is authorized to transact business in California. TRAVELERS is informed and believes that LINEAGE is the owner of a 202,550 square foot low-temperature distribution facility located at 2825 E. 44th Street, Vernon, California 90058 (the "Property").

4. TRAVELERS is informed and believes and thereon alleges that Defendant STELLAR GROUP, INCORPORATED ("STELLAR") is a company organized and existing under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida. TRAVELERS is informed and believes and thereon alleges that STELLAR is, and at all relevant times was, duly licensed as a general contractor to work in the state of California.

5. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because TRAVELERS is unaware of the true names and capacities of said DOE Defendants. TRAVELERS will amend this Complaint to reflect the true names when the same are ascertained. TRAVELERS is informed and believes and thereon alleges that said DOE Defendants are responsible for the acts, events, and circumstances alleged herein, or are interested

parties to this action.

6. This Court has original jurisdiction under 28 U.S.C. § 1332 in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interests, five million dollars ($5,000,000).

7. This Court has diversity jurisdiction as TRAVELERS is domiciled in Connecticut and the Defendants are domiciled in Delaware and Florida.

**VENUE**

8. Plaintiff TRAVELERS is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California and the Underlying Action is pending in this judicial district. Venue, therefore, lies with this Court.

**GENERAL ALLEGATIONS**

**A.     The Project**

9. TRAVELERS is informed and believes and based thereon alleges that STELLAR entered into a design-build agreement with LINEAGE, dated April 7, 2017, to act as the general contractor and provide design-build services for a 202,550 square foot low temperature distribution facility located at 2825 E. 44th Street, Vernon, California 90058 ("Project").

10. TRAVELERS is informed and believes and based thereon alleges that under the terms of the April 7, 2017, contract, STELLAR was to procure and install ultra-low charge refrigeration units ("Units") in connection with the Project.

**C.     The Underlying Litigation**

11. On March 28, 2022, LINEAGE filed a complaint against STELLAR, amongst others, Los Angeles, Superior Court Case No. 22STCV10600, entitled *Lineage Logistics, LLC, successor in interest to US Growers Cold Storage v. Stellar Group, Incorporated, et al.* (the "Underlying Action"). The complaint alleges causes of action for breach of contract, express indemnity, negligence, negligent misrepresentation and claim on contractor's license bond.

12. TRAVELERS is informed and believes and based thereon alleges that LINEAGE's claims against STELLAR consist primarily of alleged defects and inadequacies with the Units

supplied and installed by STELLAR including: "replacement and repair costs for the failing Units designed, delivered, and installed by Defendants . . .."

13. TRAVELERS is informed and believes and based thereon alleges that LINEAGE's discovery responses, briefing and experts in the Underlying Action have confirmed that LINEAGE seeks damages of over $5,000,000 for the repair, replacement, loss of use of the Units and increased costs incurred in operating the Units.

**B.    The Relevant Insurance Policies**

14. TRAVELERS INDEMNITY issued the following commercial general liability policies to STELLAR:

| Policy Number | Policy Period |
| --- | --- |
| VTC2K-CO5914B00A | 4/1/2016 – 10/1/2017 |
| VTC2K-CO5914B00A | 10/1/2017 – 10/1/2018 |
| VTC2K-CO5914B00A | 10/1/2018 – 10/1/2019 |
| VTC2K-CO5914B00A | 10/1/2019 – 10/1/2020 |
| VTC2K-CO5914B00A | 10/1/2020 – 10/1/2021 |

The above policies shall be referred to collectively as the "Travelers Primary Policies."

15. Under the terms of the Travelers Primary Policies, TRAVELERS INDEMNITY has an obligation to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period, subject to various limitations and exclusions in the policies. The terms, limitations, and exclusions of the Travelers Primary Policies are set forth, in part, in Commercial General Liability Form CG 00 01 10 01 on the policies effective from 4/1/2016 to 10/1/2019 and in Commercial General Liability Form CG T1 00 02 19 on the policies effective from 10/1/2019 – 10/1/2021.

16. Commercial General Liability Form CG 00 01 10 01 provides in part as follows:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

* * *

b. This insurance applies to "bodily injury" or "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

* * *

**2. Exclusions.**

This insurance does not apply to:

* * *

**b. Contractual Lability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract" reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided;

(a) Liability to such party for, or for the cost of, that party's defense has also

been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of the party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

**j. Damage To Property**

"Property damage" to:

* * *

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * *

Paragraph (6) of this exclusion does not apply to "property damage" included in the "product-completed operations hazard".

* * *

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product"

or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms…

\* \* \*

**SECTION V– DEFINITIONS**

\* \* \*

8. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   If such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

\* \* \*

   f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

16. "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project…

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

21. "Your product":

a. Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

(b) Others trading under your name;

(c) A person or organization whose business or assets you have acquired; and

    (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

  b. Includes:

    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    (2) The providing of or failure to provide warnings or instructions.

* * *

22. "Your work":

  a. Means:

    (1) Work or operations performed by you or on your behalf; and

    (2) Materials, parts or equipment furnished in connection with such work or operations.

  b. Includes:

    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    (2) The providing of or failure to provide warnings or instructions.

17. Commercial General Liability Form CG T1 00 02 19 contains substantially the same provisions, definitions, and exclusions.

18. The Travelers Primary Policies also contain endorsement CG D5 46 10 11, which provides as follows:

**EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as a construction manager; or

2. Inspection, supervision, quality control, architectural or engineering activities done by or for your on a project on which you serve as construction manager.

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

19. The Travelers Primary Policies also contain endorsement CG D3 07 11 03, which provides as follows:

**EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

1. This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

    a. Providing engineering, architectural or survey services to other in your capacity as an engineer, architect or surveyor; and

    b. Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

2. Subject to Paragraph 3. Below, professional services include:

    a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

    b. Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3. Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

20. The Travelers Primary Policies further contain endorsement CG D2 03 12 97, which provides as follows:

**AMENDMENT-NON CUMULATION OF EACH OCCURRENCE LIMIT OF LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. Paragraph 5 of SECTION III - LIMITS OF INSURANCE, is amended to include the following:

Non cumulation of Each Occurrence Limit - If one "occurrence" causes "bodily injury" and/or "property damage" during the policy period and during the policy period of one or more prior and/or future policies that include a commercial general liability coverage part for the insured issued by us or any affiliated insurance company, the amount we will pay is limited. The policies' Each Occurrence Limit will be reduced by the amount of each payment made by us and any affiliated insurance company under the other policies because of such "occurrence".

21. TRAVELERS PROPERTY issued the following excess policies to STELLAR:

| Policy Number | Policy Period |
|---|---|
| CUP-5794B820 | 10/1/2018 – 10/1/2019 |
| CUP-0P663493 | 10/1/2019 – 10/1/2020 |

| CUP-0P663493-20-25 | 10/1/2020 – 10/1/2021 |

The above policies shall collectively be referred to as the "Travelers Excess Policies."

22. The terms, limitations, and exclusions of the Travelers Excess Policies are set forth, in part, in Commercial Excess Liability (Umbrella) form UM 00 01 11 03 on the policy in effect 10/1/2018 – 10/1/2019 and Excess Follow-Form and Umbrella Liability form EU 00 01 07 16 on policies in effect from 10/1/2019 – 10/1/2021.

23. Commercial Excess Liability (Umbrella) form UM 00 01 11 03 provides in part as follows:

SECTION I – COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; and

COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY.

1. INSURING AGREEMENT.

a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit" which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies.

This insurance applies to "bodily injury" or "property damage" only if:

(i) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place anywhere in the world;

(ii) The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

24. The 2018 – 2019 Travelers Excess Policy contains exclusions, endorsements and definitions similar to the Travelers Primary Policies, and defines "ultimate loss" as "the sum actually paid or payable due to a claim for which the insured is liable either by a settlement to which the insured is liable either by a settlement to which we agreed or a final judgment. . . ."

25. The 2019 – 2020 and 2020 – 2021 Travelers Excess Policies also contain Non Cumulation of Occurrence Limit form EU 03 46 08 18, which provides:

NON CUMULATION OF OCCURRENCE LIMIT

This endorsement modifies insurance provided under the following:

EXCESS FOLLOW-FORM AND UMBRELLA LIABLITY INSURANCE PROVISIONS

1. The following is added to Paragraph D. of SECTION III – LIMITS OF INSURANCE:

Non cumulation of Occurrence Limit – If the following arise out of any one "event":

   a. Damages, or defense expenses if such expenses are within the limits of insurance of this policy, to which this Excess Follow-Form And Umbrella Liability Insurance applies: and

   b. Damages to which Excess Follow-Form And Umbrella Liability Insurance, or any other umbrella or excess liability coverage, included in one or more prior or future policies issued to you by us, or any of our affiliated insurance companies, or defense expenses if such expenses are within the limits of insurance of such policy, applies:

this policy's Occurrence Limit applicable to that "event" also will be reduced by the amount of each payment made for the damages and defense expenses described in Paragraph b above by us or any of our affiliated insurance companies under, and within the applicable limit of insurance of, each such other policy.  If a Non cumulation of Personal and Advertising Injury Limit or a Non cumulation of Each Occurrence Limit provision in any such prior policy refers to COMMERCIAL EXCESS LIABILITY (UMBRELLA) INSURANCE policy, this Excess Follow-Form And Umbrella Liability Insurance will be deemed to be a COMMERCIAL EXCESS LIABILITY (UMBRELLA) INSURANCE policy for the purpose of each such provision.

\* \* \*

26. STELLAR tendered LINEAGE's claims with respect to the Project to TRAVELERS on August 7, 2021, with TRAVELERS agreeing to defend and indemnify STELLAR pursuant to a reservation of it rights.

27.   TRAVELERS is informed and believes and based thereon alleges that STELLAR also tendered its defense in the Underlying Action to Liberty Mutual Fire Insurance Company ("Liberty Mutual") as an additional insured under policies issued to Hill Phoenix, and that Liberty Mutual is providing a defense to STELLAR under a reservation of rights, on a primary and non-contributing basis.

28.   Defendants and TRAVELERS disagree regarding whether coverage exists for the repair, replacement, and loss of use of the Units under the Travelers Primary Policies and Travelers Excess Policies. Without a declaration ruling upon this coverage issue, the parties remain at an impasse with regards to any attempts to resolve the Underlying Action.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (By TRAVELERS Against LINEAGE, STELLAR And DOES 1-10)

29.   TRAVELERS hereby re-alleges and incorporates by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

30.   An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS, on the one hand, and LINEAGE and STELLAR on the other, concerning TRAVELERS' rights, duties, and obligations under the Travelers Primary Policies and Travelers Excess Policies.

31.   Specifically, TRAVELERS contends, and is informed and believes that LINEAGE and STELLAR dispute, that TRAVELERS has no obligation to indemnify STELLAR for any damages STELLAR becomes legally obligated to pay LINEAGE for the repair, replacement, and loss of use of the Units. TRAVELERS contends it has no such obligation to indemnify STELLAR based upon the terms, conditions, definitions and exclusions contained in the Travelers Primary Policies and Travelers Excess Policies.

32.   TRAVELERS further contends, and is informed and believes that LINEAGE and STELLAR dispute, that should any covered damages exist in the Underlying Action, TRAVELERS' obligation to indemnify is limited by its Non-Cumulation Endorsements to a single policy limit.

33.   TRAVELERS asserts and contends that declaratory judgment is both necessary and

proper at this time for the court to determine the respective rights, duties, and obligations as between TRAVELERS, LINEAGE and STELLAR under the provisions of the applicable policies of insurance.

## PRAYER FOR RELIEF

TRAVELERS respectfully prays for judgment, as follows:

1. For judicial declarations that:

    a. TRAVELERS has no obligation to indemnify STELLAR in the Underlying Action for any damages awarded to LINEAGE for the repair, replacement, loss of use of the Units; and

    b. Should any covered damages exist in the Underlying Action, TRAVELERS' obligation to indemnify is limited by its Non-Cumulation Endorsement to a single policy limit.

2. For costs of suit herein;

3. For such other and further relief as this Court deems just and proper.

Dated: January 31, 2024         **THE AGUILERA LAW GROUP, APLC**

_____
A. Eric Aguilera, Esq.
Kimberly R. Arnal, Esq.
Lindsee B. Falcone, Esq.
Attorneys for Plaintiffs, Travelers Indemnity Company and Travelers Property Casualty Company of America