**THE AGUILERA LAW GROUP, APLC**
alg@aguileragroup.com
Eric Aguilera (SBN 192390)
eaguilera@aguileragroup.com
Lindsee Falcone (SBN 268072)
lfalcone@aguileragroup.com
V. René Daley
rdaley@aguileragroup.com
23046 Avenida De La Carlota
Suite 300
Laguna Hills, CA 92653
Tel: 714.384.6600 / Fax: 714.384.6601

Attorneys for Plaintiffs, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TRAVELERS INDEMNITY COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LINEAGE LOGISTICS, LLC, *et al.*, <br><br> Defendants. | Case No. 2:24−cv−00835-MEMF <br><br> **TRAVELERS' OPPOSITION TO STALLAR GROUP INCORPORATED'S MOTION TO DISMISS** <br><br> DATE: November 21, 2024 <br> TIME: 10:00 a.m. <br> COURTROOM: 8b |

---

1

**TRAVELERS' OPPOSITION TO STALLAR GROUP'S MOTION TO DISMISS**

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 4

II. BACKGROUND ...................................................................................................... 4

   A. Travelers Insures Stellar Group ....................................................................... 4

   B. Lineage Sues Stellar Group for Defective Equipment in the Underlying Action ................................................................................................................. 5

   C. Travelers Agrees to Defend LMID .................................................................. 5

   D. Travelers Seeks a Judicial Declaration Its Policies Do Not Cover the Claims in the Underlying Action ................................................................................... 5

III. TRAVELERS' CLAIM FOR DECLARATORY RELIEF IS RIPE ...................... 5

   A. California Law Encourages Courts To Resolve the Existence of Insurance Coverage Before Liability Has Been Determined ............................................ 6

   B. Stellar Group's Ripeness Argument Has No Merit Because Travelers Has an Existing Obligation to Consider Settlement ..................................................... 8

   C. Stellar Group's Authority Confirms Its Motion Is Meritless ......................... 11

IV. THERE IS NO BASIS TO STAY THIS ACTION .............................................. 12

V. CONCLUSION ...................................................................................................... 14

# TABLE OF AUTHORITIES

**Federal Cases**

*Ernest Bock, LLC v. Steelman*,
    76 F.4th 827 (9th Cir. 2023) .................................................................. 4, 13
*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ...................................................................................... 12
*In re Coleman*,
    560 F.3d 1000 (9th Cir.2009) ...................................................................... 6
*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .................................................................................... 12
*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
    656 F.3d 966 (9th Cir. 2011) ...................................................................... 13
*Seneca Ins. Co., Inc. v. Strange Land, Inc.*,
    862 F.3d 835 (9th Cir. 2017) ...................................................................... 13
*Tosco Corp. v. Communities for a Better Env't*,
    236 F.3d 495 (9th Cir. 2001) ...................................................................... 12

**California Cases**

*Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*,
    45 Cal. App. 4th 1 (1996) ..................................................................... 4, 6, 7
*Certain Underwriters at Lloyd's of London v. Superior Ct.*,
    24 Cal. 4th 945 (2001) .......................................................................... 11, 12
*DeWitt v. Monterey Ins. Co.*,
    204 Cal.App.4th 233 (2012) ....................................................................... 10
*Hamilton v. Maryland Cas. Co.*,
    27 Cal. 4th 718 (2002) .................................................................................. 9
*Marie Y. v. Gen. Star Indem. Co.*,
    110 Cal.App.4th 928 (2003) ....................................................................... 10
*PPG Industries, Inc. v. Transamerica Ins. Co.*,
    20 Cal.4th 310 (1999) ................................................................................... 9

3

**TRAVELERS' OPPOSITION TO STELLAR GROUP'S MOTION TO DISMISS**

## I. INTRODUCTION

The very authority cited by Stellar Group confirms that its Motion to Dismiss has no merit and should be denied.

Stellar Group cites *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.* to support its contention that an insurer's duty to indemnify cannot be resolved before the insured's actual liability has been determined, but *Armstrong* stands for the opposite:

> This is a *declaratory relief action*, held *before the determination of Armstrong's liability* for property damage…. In such circumstances, ***the trial court may properly determine questions of insurance coverage*** on the basis of the underlying pleadings and such other evidence as is available.

*Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co*., 45 Cal. App. 4th 1, 89 (1996) (emphasis added).

Stellar Group then cites the California Supreme Court opinion in *Certain Underwriters at Lloyd's of London v. Superior Court* for the proposition that an insurer's indemnity obligation is not ripe until the insured's liability is established. But in *Lloyd's of London*, the California Supreme Court *upheld* a lower court opinion *granting a judicial declaration the carrier had no duty to indemnify*. The Court could not have reached that decision unless ripeness was satisfied.

Stellar Group's alternative request for a stay is equally meritless. The Ninth Circuit recently held that district courts should not use their inherent authority – Stellar's contention – to manage their dockets to stay federal actions based on the presence of a related state action. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 843 (9th Cir. 2023).

As Stellar Group's own authority confirms, Travelers' claim for declaratory relief is ripe and the Court should deny Stellar Group's Motion to Dismiss.

## II. BACKGROUND

### A. Travelers Insures Stellar Group

Travelers issued commercial general liability and excess insurance policies under which Stellar Group is a named insured. [Dkt. No. 1 at ¶¶ 14-25.] The coverage provided

4

**TRAVELERS' OPPOSITION TO STELLAR GROUP'S MOTION TO DISMISS**

under those policies is subject to the terms, conditions, and exclusions set forth in the policies. [Dkt. No. 1 at ¶¶ 14-25.]

### B. Lineage Sues Stellar Group for Defective Equipment in the Underlying Action

Defendant Lineage is suing Stellar Group in the Underlying Action. [Dkt. No. 1 at p. 3:22-26.] In its complaint, Lineage seeks the "replacement and repair costs for the failing Units designed, delivered, and installed by Defendants ...." [Dkt. No. 1 at p. 4:1-2.]

### C. Travelers Agrees to Defend LMID

Stellar asked Travelers and Liberty Mutual to defend it against the claims in the Underlying Action. [Dkt. No. 1 at pp. 13:26 to 14:5.] Both Travelers and Liberty Mutual are defending Stellar Group in the Underlying Action pursuant to a reservation of rights. [Dkt. No. 1 at p. 4:1-2.]

### D. Travelers Seeks a Judicial Declaration Its Policies Do Not Cover the Claims in the Underlying Action

Travelers contends that the claims asserted by Lineage against Stellar Group in the Underlying Action are not covered by the insurance policies Travelers issued:

> TRAVELERS has no obligation to indemnify STELLAR in the Underlying Action for any damages awarded to LINEAGE for the repair, replacement, loss of use of the Units

[Dkt. No. 1 at p. 15:7-9.] Travelers seeks a declaration that it has no duty to indemnify Stellar Group against the claims asserted in the Underlying Action. [Dkt. 1 at 15:6-9.]

## III. TRAVELERS' CLAIM FOR DECLARATORY RELIEF IS RIPE

A review of the law and ad circumstances of this action unequivocally confirm that Travelers' claim for declaratory relief in this matter is ripe for this Court's review:

> The constitutional ripeness of a declaratory judgment action depends upon whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of

5

**TRAVELERS' OPPOSITION TO STELLAR GROUP'S MOTION TO DISMISS**

sufficient ***immediacy and reality*** to warrant the issuance of a declaratory judgment.

*In re Coleman*, 560 F.3d 1000, 1005 (9th Cir.2009) (emphasis added). Stellar Group attempts to avoid this inevitable conclusion by inaccurately claiming declaratory relief regarding Travelers' duty to indemnify Stellar Group lacks immediacy and reality because Stellar Group has not been found liable in the Underlying Action.

Stellar Group's claim is inconsistent with California law, because: (1) the California Court of Appeal has consistently held courts can resolve the existence of coverage before liability has been determined; and (2) California imposes a duty on insurers to settle appropriate cases – which requires a coverage analysis.

**A.  California Law Encourages Courts to Resolve the Existence of Insurance Coverage Before Liability Has Been Determined**

Stellar Group incorrectly contends that under California law, a claim for declaratory relief regarding an insurer's duty to indemnify cannot be resolved before the insured's liability is determined. To the contrary, California law encourages such resolution wherever practicable.

Indeed, the California Court of Appeal directly addressed this exact question and emphatically rejected Stellar Group's contention:

> This is a *declaratory relief action*, held *before the determination of Armstrong's liability* for property damage. None of the 163 building cases filed against Armstrong have yet gone to trial. In such circumstances, ***the trial court may properly determine questions of insurance coverage*** on the basis of the underlying pleadings and such other evidence as is available.

*Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal.App.4th 1, 89 (1996) (emphasis added).

In *Armstrong*, an insured requested a judicial declaration that its insurers had a duty to indemnify it against claims that the insured's products released asbestos fibers into buildings. *Armstrong*, 45 Cal. App. 4th at 87 & 108 ("insurers argue that the trial

6

court should have denied Armstrong's request for a declaration of the insurers' duty to indemnify").

The trial court resolved the declaratory relief claim and held that the insurers had a duty to indemnify "if it is shown that ACBM [asbestos containing building materials] was installed in the building or buildings in question". *Id*. at 109. The trial court effectively found, as a matter of law, that the release of asbestos containing building materials constitutes property damage.

The insurers in *Armstrong* made the same argument that Stellar Group makes here, that determining the duty to indemnify cannot be resolved before liability is determined:

> In the present case, the insurers argue that the trial court should have denied Armstrong's request for a declaration of the insurers' duty to indemnify either ***because the request was premature*** or because Armstrong failed to prove its actual liability. We reject the argument for several reasons.

*Armstrong*, 45 Cal. app. 4th at 108 (emphasis added).

The court of appeal rejected the insurers' prematurity argument (invalidating Stellar Group's argument) because it found the trial court had correctly determined – as a matter of law – that the release of asbestos containing building materials constituted "property damage" as used in the insurers' policies. *Armstrong*, 45 Cal. App. 4th at 109 ("installation of ACBM and releases of asbestos fibers do qualify as 'physical injury to tangible property,'").

In reaching its decision, the court of appeal drew a distinction between two different meanings of the word "indemnity", the *amount* owed and whether *anything* is owed:

> In a declaratory relief action held before the insured's liability has been established, the trial court cannot determine the *amount* of the insured's indemnity obligation; *it must limit its declaration to whether the claim is covered by the policy*. [Citation and footnote omitted]

*Armstrong*, 45 Cal. App. 4th at 108 (emphasis added). Thus, *Armstrong* – which Stellar

7

**TRAVELERS' OPPOSITION TO STELLAR GROUP'S MOTION TO DISMISS**

Group cites – is directly on point. The California court of appeal upheld a declaratory relief order regarding the duty to indemnify before liability was determined. The relevant limitation of *Armstrong* is that judicial declarations regarding indemnity must be limited to whether a claim is covered.

Here, the relief permitted in *Armstrong* is exactly the relief that Travelers seeks. Travelers seeks a judicial declaration that – as a matter of law – claims asserted in the Underlying Action are not covered by Travelers' policies:

> TRAVELERS contends, and is informed and believes that LINEAGE and STELLAR dispute, that TRAVELERS has ***no obligation to indemnify*** STELLAR ***for any damages*** STELLAR becomes legally obligated to pay LINEAGE ***for the repair, replacement, and loss of use of the Units.*** TRAVELERS contends it has no such obligation to indemnify STELLAR based upon the terms, conditions, definitions and exclusions contained in the Travelers Primary Policies and Travelers Excess Policies.

[Dkt. No. 1 at p. 14:18-23; emphasis added.]

It is thus clear that Travelers is not seeking a judicial declaration regarding the amount of indemnity it owes in the Underlying Action, which would certainly be unripe. Instead, Travelers seeks a declaration that certain claims made against Stellar are not covered under its policies, a claim which is undoubtedly ripe. As such, this Court should deny Stellar Group's Motion to Dismiss.

### B. Stellar Group's Ripeness Argument Has No Merit Because Travelers Has an Existing Obligation to Consider Settlement

Moreover, Travelers owes an existing obligation to consider settlements, and therefore whether specific claims are even subject to an indemnity obligation under the policies is of immediate concern. Stellar Group attempts to avoid this by contending that liability insurers have only "two fundamental duties: a duty to defend and a duty to

8

**TRAVELERS' OPPOSITION TO STELLAR GROUP'S MOTION TO DISMISS**

indemnify"[1] and therefore where – as here – an insurer is not contesting the duty to defend, there can be no coverage dispute until the insured's liability is determined, implicating the duty to indemnify.

In addition to the fundamental legal failures of such an argument already explained above, Stellar Group's argument in this regard also fails because it ignores critical points raised in Travelers' complaint highlighting Travelers' need for immediate relief:

- Travelers has a legal duty to consider settlement;
- The likelihood of settling the Underlying Action is undermined by the dispute regarding the applicability of Travelers' policies to the claims in the Underlying Action.

[Dkt. 1 at 14:8-9.]

Under California law, liability insurers are obligated to consider settling claims against insureds:

> In each policy of liability insurance, California law implies a covenant of good faith and fair dealing. This implied covenant obligates the insurance company, among other things, to make reasonable efforts to settle a third party's lawsuit against the insured.

*PPG Industries, Inc. v. Transamerica Ins. Co.*, 20 Cal.4th 310, 312 (1999). If an insurer breaches the duty to settle and the "underlying action has proceeded to trial and a judgment in excess of the policy limits has been entered against the insured, the insurer is ordinarily liable to its insured for the entire amount of that judgment", even if that judgment exceeds the insurer's limits. *Hamilton v. Maryland Cas. Co.*, 27 Cal. 4th 718, 725 (2002). The risk of extra-contractual liability encourages insurers to settle cases

---

[1] [Dkt. No. 24 at 10:15-16.] Travelers' references to page numbers are to page numbers applied by ECF and not the pagination applied by Stellar Group.

**TRAVELERS' OPPOSITION TO STELLAR GROUP'S MOTION TO DISMISS**

*before liability is determined*.

Notably, and of crucial importance here, an insurers' duty to settle extends only so far as actual coverage under the policies:

> "From the covenant of good faith and fair dealing implied by law in all contracts, and from the liability insurer's duty to defend and indemnify covered claims, California courts have derived an implied duty on the part of the insurer to accept reasonable settlement demands on such claims within the policy limits. [Citation.]" [Citation omitted.] As this passage from *Hamilton* indicates, the *insurer has a duty to accept a reasonable settlement offer **only with respect to a covered claim***.

*Marie Y. v. Gen. Star Indem. Co.*, 110 Cal.App.4th 928, 958 (2003); *see also DeWitt v. Monterey Ins. Co.*, 204 Cal.App.4th 233, 250 (2012).

As alleged in Travelers' complaint, Stellar Group also is being defended in the Underlying Action by Liberty Mutual. [Dkt. No. 1 at 14:1-5.] There are, therefore, three potential sources of monies available to fund settlement of the Underlying Action: (1) Liberty Mutual, (2) Stellar Group; and (3) Travelers. This number of sources likely factors into Lineage's evaluation of its claims. As a result, in situations – like here – where parties disagree about the scope of insurers' coverage, settlement negotiations can prove nearly impossible and settlement can be undermined absent a ruling on those coverage issues.

Thus, resolving Travelers' coverage questions will determine its coverage obligations, which in turn will smooth the path toward any potential settlement.

In any event, Travelers has an obligation ***right now*** to consider settlement of the Underlying Action and therefore the parties have an existing dispute regarding Travelers' duty to indemnify Stellar Group against Lineage's claims. In short, Travelers' declaratory relief claim is ripe and the Court should deny Stellar Group's Motion to Dismiss.

## C. Stellar Group's Authority Confirms Its Motion Is Meritless

In light of Stellar Group's apparent belief that "quantity has a quality of its own", Travelers will not attempt to address the scores of cases cited by Stellar Group. [*See* Dkt. 24 at 5-7.] Travelers need only discuss one of those cases.

Stellar Group cites the California Supreme Court's opinion in *Certain Underwriters at Lloyd's of London v. Superior Court* for the proposition that:

> California law is well-settled that Travelers' indemnity obligation is not ripe until the Underlying Action is resolved and liability, if any, is established.

[Dkt. No. 24 at p. 11:17-18.] *Underwriters at Lloyd's* directly contradicts Stellar Group's contention.

In that case, the insurer, Underwriters, argued in a motion for summary judgment that it had no duty to indemnify the insured for cleanup costs, not yet determined, demanded by an administrative agency. The trial court denied Underwriters' motion. *Certain Underwriters at Lloyd's of London v. Superior Ct*., 24 Cal. 4th 945, 954 (2001). But the Court of Appeal disagreed, and directed the trial court to enter an order that Underwriters had no duty to indemnify. The California Supreme Court affirmed that Court of Appeal decision, explaining:

> [T]he Court of Appeal … ordered issuance of a peremptory writ of mandate directing the superior court to vacate its order denying the London Insurers' motion for summary adjudication of the issue of their duty to indemnify Powerine and to make a new order granting what they sought…. [T]he Court of Appeal determined … that the superior court's order denying the London Insurers' motion for summary adjudication of the issue of their duty to indemnify Powerine was subject to independent review. It went on to determine … that the order was erroneous, concluding that the duty to indemnify was limited to money ordered by a court, and did not extend to any expenses required by an administrative agency …. Powerine filed a petition for review. We granted its application. We now affirm.

11
**TRAVELERS' OPPOSITION TO STELLAR GROUP'S MOTION TO DISMISS**

*Underwriters at Lloyd's*, 24 Cal. 4th at 954–55; *see also id.* at 975 ("we must affirm the judgment of the Court of Appeal").

Stellar Group appears to have focused solely on language from the opinion that "the duty to indemnify can arise only after damages are fixed in their amount," but that statement does not imply that the *existence* of the duty to indemnify cannot be resolved before damages are awarded. Indeed, the rest of the opinion demonstrates exactly that. *See Underwriters at Lloyd's*, 24 Cal.4th 945.

Stellar Group's Motion to Dismiss is therefore contrary to California law and this Court should deny the Motion to Dismiss.

## IV. THERE IS NO BASIS TO STAY THIS ACTION

Alternatively, Stellar Group argues that Travelers' coverage action should be stayed 'pending resolution of the Underlying Action' pursuant to the Court's inherent power to control its docket. But Stellar Group's authority for this argument does not support this request, either. [Dkt. No. 24 at pp. 6-7, citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) and *Tosco Corp. v. Communities for a Better Env't*.]

The Ninth Circuit's decision in *Tosco Corp.*, cited by Stellar Group, never uses the word "stay" in the entire opinion and was abrogated by the United States Supreme Court. *See generally Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), abrogated by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

*Landis* – the other authority cited by Stellar Group – is not applicable here either, because the United States Supreme Court has held, and the Ninth Circuit recognized, that federal courts must use the *Colorado River* framework – not inherent authority – to stay actions where there are concurrent state and federal actions:

> [W]e join other circuits to expressly hold that the *Colorado River* [424 U.S. 800, 96 S. Ct. 1236] factors control whether a stay can issue in favor of parallel state proceedings. *See*, *e.g.*, *Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) ("To permit a district court to rely solely on its inherent power to control its docket, when the effect of the district court's order is to

12

**TRAVELERS' OPPOSITION TO STELLAR GROUP'S MOTION TO DISMISS**

> accomplish the same result contemplated by *Colorado River*, would allow a court to bypass the rigorous test set out by the Supreme Court."); *Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir. 1982) ("[I]t is not enough, to justify abstention, that a failure to stay the federal suit may result in judicial diseconomy—in having two active lawsuits instead of one."). A docket management stay may not issue in favor of parallel state proceedings if the *Colorado River* factors do not support a stay. *See Scotts Co. LLC*, 688 F.3d at 1158. Because *Colorado River* does not support a stay, neither can the district court's docket management authority.

*Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 843 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554, 217 L. Ed. 2d 295 (2024) (footnote omitted).

It is unsurprising that Stellar Group avoided this standard, as a stay is absolutely not warranted under the *Colorado River* framework. Preliminarily, abstention is the exception under the *Colorado River* framework:

> "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813, 96 S.Ct. 1236…. The Supreme Court has emphasized that the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," including in cases involving parallel state litigation. *Id*.

*Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017).

More substantively, the Supreme Court's *Colorado River* framework indicates that stays are appropriate only where there are *parallel* state and federal actions. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011). In order for the state and federal actions to be considered parallel, courts consider "whether the state court proceedings can adequately protect the rights of the federal litigants [and] whether the state court proceedings will resolve all issues before the federal court." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d at 979.

Travelers is not a party to the Underlying Action and the issue of whether

Travelers owes a duty to indemnify Stellar Group against claims for damage to and loss of use of the refrigeration units themselves is absolutely not being litigated in the Underlying Action. The Underlying Action will not protect Travelers' rights and will not resolve Travelers' claims – it will not even consider them. The Underlying Action and Travelers' coverage action therefore are not parallel actions.

Thus, a discretionary say is *not* appropriate and the Court should deny Stellar Group's request for a stay.

## V. CONCLUSION

Stellar Group's Motion to Dismiss must be denied, as the very authority upon which it relies confirms that Travelers' claim for declaratory relief is ripe. Indeed, the law is clear that Travelers is entitled to a declaration that specific claims are not covered under its policies.

Nor is there any merit to Stellar Group's request for a stay. The Ninth Circuit held less than a year ago that district courts must use the *Colorado River* framework to determine whether to stay a federal action due to the presence of a related state claim. Since this action and the Underlying Action have different parties adjudicating different issues and seeking different relief, a stay is wholly inappropriate under *Colorado River*.

Travelers respectfully requests the Court deny Stellar Group's Motion to Dismiss.

DATED: August 12, 2024         THE AGUILERA LAW GROUP, APLC

_____
A. Eric Aguilera
Lindsee Falcone
V. René Daley
Counsel of record for plaintiffs Travelers Property Casualty Company of America and Travelers Indemnity Company

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for plaintiffs Travelers Property Casualty Company of America and Travelers Indemnity Company, certifies that this brief contains 3,784 words (including the caption), which complies with the word limit of L.R. 11-6.1, and does not exceed 25 pages, which complies with this Court's Standing Order.

Date: August 12, 2024

V. René Daley

I, Brittney Sanchez, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within-action. My business address is 23046 Avenida De La Carlota, Suite 300, Laguna Hills, CA 92653. On *August 12, 2024*, I served a copy of the following documents:

DOCUMENT(S) SERVED: **TRAVELERS' OPPOSITION TO STALLAR GROUP INCORPORATED'S MOTION TO DISMISS**

SERVED UPON: **SEE ATTACHED SERVICE LIST**

☒ (BY ELECTRONIC FILING WITH THE U.S. DISTRICT COURT) I certify that on *August 12, 2024*, I electronically transmitted the attached document to the United States District Court and/or the US District Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants/recipients registered with the United States District Court according to Federal District Court Rules requirements.

☐ (ONLY BY ELECTRONIC TRAMSMISSION) Only by e-mailing the document(s) to the persons at the email address(es) listed based on notice provided on *August 12, 2024*, that during the Coronavirus (COVID-19) pandemic, this firm is working remotely, not able to send physical mail as usual, and is, therefore, using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on *August 12, 2024*, at Laguna Hills, California.

*/s/ Brittney Sanchez*
Brittney Sanchez

1

CASE NO.: 2:24-cv-00835-MEMF-E
CERTIFICATE OF SERVICE

# SERVICE LIST

*Travelers v. Lineage Logistics, LLC., et al.*
*USDC Central District*
CASE NO. 2:24-cv-00835-MEMF-E

| | |
|---|---|
| Kyle A. Rudolph, Esq.<br>**SAXE DOERNBERGER & VITA, P.C**.<br>One Better World Circle, Suite 300<br>Temecula, CA 92590<br>Ph: (951) 365-3145<br>Fax: (203) 287-8847<br>krudolph@sdvlaw.com | Attorney for Defendant,<br>**THE STELLAR GROUP, INCORPORATED** |
| Luke N. Eaton, Esq.<br>Michelle B. Rosenberg, Esq.<br>**COZEN O'CONNOR**<br>601 S. Figueroa St., Suite 3700<br>Los Angeles, CA 90017<br>Telephone: 213.892.7900<br>Facsimile: 213.892.7999<br>lukeeaton@cozen.com<br>michellerosenberg@cozen.com | Attorneys for **LINEAGE LOGISTICS, LLC** |