O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LINEAGE LOGISTICS, LLC, *et al.*,<br><br>Defendants. | Case No.: 2:24-cv-00835-MEMF<br><br>**ORDER DENYING MOTION TO DISMISS AND STAYING CASE [ECF NO. 24]** |

    Before the Court is the Motion to Dismiss filed by Defendant The Stellar Group Incorporated. ECF No. 24. For the reasons stated herein, the Court hereby DENIES the Motion to Dismiss but finds a stay warranted.

/ / /

/ / /

1

I. **Background**

  A. **Factual Allegations**[1]

Defendant The Stellar Group, Incorporated ("Stellar") entered into a design-build-agreement with Defendant Lineage Logistics, LLC ("Lineage") around April 7, 2017, to act as Lineage's general contractor and provide design-build services for a distribution facility in Vernon, California (the "Project"). Compl. ¶ 9. On March 28, 2022, Lineage filed a complaint against Stellar in Los Angeles Superior Court (Case No. 22STCV10600) (the "Underlying Action"), alleging primarily that the refrigeration units Stellar was obligated to supply were defective and inadequate. *Id.* ¶¶ 11, 12. The complaint in the Underlying Action includes causes of action for breach of contract, express indemnity, negligence, negligent misrepresentation, and claim on contractor's license bond. *Id.* ¶ 11. Lineage is seeking damages of over $5 million against Stellar. *Id.* ¶ 13.

Plaintiffs Travelers Indemnity Company ("Travelers Indemnity")[2] issued five commercial general liability policies to Stellar between April 1, 2016 to October 1, 2021 (the "Policies"). *Id.* ¶ 14. Under the Policies, Travelers Indemnity has an obligation to pay sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period, subject to applicable limitations and exclusions. *Id.* ¶ 15. Stellar tendered Lineage's claims related to the Project to Travelers on August 7, 2021, with Travelers agreeing to defend and indemnify Stellar pursuant to a reservation of Travelers's rights. *Id.* ¶ 26.

  B. **Procedural History**

On January 31, 2024, Travelers filed its complaint alleging a sole cause of action for declaratory relief to determine its obligation to indemnify Stellar in the Underlying Action. *See generally*, Compl. On July 19, 2024, Stellar filed the instant motion to dismiss. ECF No. 24

---

[1] All facts stated herein are taken from the allegations in Plaintiffs' Complaint unless otherwise indicated. ECF No. 1 ("Compl."). For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

[2] The Court will refer to Travelers Indemnity and Plaintiff Travelers Property Casualty Company of America collectively as "Travelers."

("Motion"). On August 12, 2024, Travelers filed its opposition. ECF No. 29 ("Opposition"). On August 19, 2024, Stellar filed its reply. ECF No. 34 ("Reply").

## II. **Applicable Law**

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In the context of a 12(b)(1) motion, the plaintiff bears the burden of establishing Article III standing to assert the claims. *Id.*

Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Moreover, the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply with equal force to Article III standing when it is being challenged on the face of the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (applying *Iqbal*). Thus, in terms of Article III standing, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). District courts must first inquire whether there is an actual case or controversy within its jurisdiction. *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction. *Id.* The ripeness doctrine "is intended 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Trustees for Alaska v. Hodel*, 806 F.2d 1378, 1381 (9th Cir. 1986).

The actual case or controversy requirement is "not relaxed in the declaratory judgment context," and a "party seeking declaratory relief must demonstrate the three elements that comprise the irreducible constitutional minimum of standing: (1) an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical that is (2) casually connected and fairly traceable to the conduct complained of and not the result of the independent action of some third party not before the court and (3) likely as opposed to merely speculative, such that the injury will be redressed by a favorable decision." *San Diego County Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1022–23 (9th Cir. 2023) (cleaned up).

### III. Discussion

Stellar moves to dismiss on the basis of subject-matter jurisdiction arguing that the case is not ripe for adjudication because the Underlying Action has not yet determined whether there is any liability to Stellar, and therefore Travelers' duty to indemnify has not been triggered. Motion at 1. For the reasons discussed next, the Court finds that it has jurisdiction to determine the respective rights, duties, and obligations between the parties under the provisions of the Policies.

First, California state courts find it at times appropriate to "determine questions of insurance coverage" before any specific liability has been determined. *See Armstrong World Industries, Inc. v. Aetna Casualty & Surety Co.*, 45 Cal. App. 4th 1, 89 (1996). Stellar argues that in *Armstrong*, the court stated "the question [of] whether an insurer has a duty to indemnify the insured on a particular claim is ripe for consideration only if the insured has already incurred liability in the underlying action." *Id.* at 108. However, the court went on to explain that "[i]n a declaratory relief action held before the insured's liability has been established, the trial court cannot determine the amount of the insured's indemnity obligation; it must limit its declaration to whether the claim is covered by the policy." *Id.* The court found "no error in the trial court's declaration that Armstrong is entitled to indemnification *if* Armstrong is held liable for the damages alleged in the underlying complaints." *Id.* at 109. Here, similarly, Travelers is not requesting a determination of the amount it potentially has to pay—Travelers are merely asking for a judgment on whether they should have to pay at all.

Stellar also argues that the California Supreme Court has held that "the duty to indemnify can arise only after damages are fixed in their amount." *Certain Underwriters at Lloyd's of London v.*

*Superior Court*, 24 Cal. 4th 945, 958 (2004).[3] However, this statement was not in the context of a dispute regarding ripeness or standing, but was in the context of the court's actual adjudication on the merits of the declaratory relief claim on a motion for summary adjudication. *Id.* at 955. The Court finds the issue of ripeness to be separate from whether or not as a matter of law a duty to indemnify is triggered prior to the determination of damages.

Regardless, the Court further notes that it is not clear that a determination of ripeness by a California state court satisfies the case and controversy requirement of Article III standing. *See Grosset v. Wenaas*, 42 Cal. 4th 1100, 1117 n.13 (2008) (explaining that while "Article III of the federal Constitution imposes a 'case-or-controversy limitation on federal court jurisdiction,' . . . There is no similar requirement in our state Constitution"). Stellar cites a number of district court cases where the court found no actual case or controversy posed by a declaratory relief claim based on insurance coverage when liability has yet to be determined.[4] The Court does not find the analysis in any of these cases persuasive, and finds that standing is not precluded in this particular situation based on the Supreme Court's holding in *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941). In *Maryland*, the Supreme Court addressed the question of whether a claim seeking declaratory relief of insurance coverage established a controversy where an underlying action had not yet proceeded to judgment. *Id.* at 271–72. The Supreme Court found that "the complaint in the instant case presents such a controversy is plain," and that "[i]t is clear that there is an actual controversy between the petitioner and the insured." *Id.* at 273–74. It is clear that when a claim seeking declaratory relief regarding a duty to indemnify *and* a duty to defend are at issue, the case or controversy requirement is satisfied. *See Kearns*, 15 F.3d at 144 (following *Maryland*, "in which the

---

[3] The duty to defend, on the other hand, "may arise as soon as damages are sought in some amount." *Id.* Travelers does not appear to assert a claim with regards to any applicable duty to defend in its Complaint.

[4] *See, e.g., Sodexo Management, Inc. v. Old Republic Insurance Company*, 2021 WL 254240 at *10 (S.D. Cal. Jan. 26, 2021); *Starr Indemnity & Liability Company v. Chart Industries, Inc.*, 2023 WL 2352247 at *2 (N.D. Cal. March 3, 2023); *Travelers Indemnity Co. of Connecticut v. Boudreau Pipeline Corp.*, 2022 WL 4596693 (C.D. Cal. July 29, 2022); *Steadfast Ins. Co. v. Essex Portfolio, LP*, 2021 WL 4622816 at *1 (N.D. Cal. Oct. 7, 2021); *Travelers Property Casualty Co. of America v. Salesforce.com, Inc.*, 2021 WL 1376575 at *1 (N.D. Cal. Apr. 13, 2021); *First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1054 (N.D. Cal. 2016).

Supreme Court held that an insurer's declaratory judgment action regarding its duty to defend and indemnify was sufficiently ripe, even when the underlying liability action in state cout had not yet proceeded to judgment").

While there does not appear to be any precedent regarding a situation where the declaratory relief claim pertains solely to the duty to indemnify, the Supreme Court in *Maryland* did not distinguish between the two duties, nor did its analysis rely on reasoning solely applicable to the duty to defend. Specifically, the Supreme Court found a plain controversy where judgment was being sought against the insured, which would potentially result in liability against the insurer if the insured did not satisfy the judgment. *Maryland Cas. Co.*, 312 U.S. at 273. Moreover, the Supreme Court noted that finding otherwise could result in "opposite interpretations of the policy by the federal and state courts." *Id.* at 274. As both of lines of reasoning are applicable regardless of whether the duty to defend or the duty to indemnify are at issue, the Court finds that a case and controversy requirement can be satisfied even if only the duty to indemnify is at issue.[5]

Next, the Court finds the case and controversy requirement satisfied based on the facts and circumstances of this particular case. "The difference between an abstraction question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult . . . to fashion a precise test." *Maryland Cas. Co.*, 312 U.S. at 273. Here, the Court finds that there is a concrete and particularized injury, that is more likely than speculative. *See San Diego County Credit Union*, 65 F.4th at 1023. Here, there is a real dispute between Defendants in the Underlying Action, and there is a real dispute between Travelers and Stellar about the rights sand obligations between them that will determine who may be potentially liable for up to $5 million in damages. That there is a possibility there may be no resulting damages is not sufficient, otherwise, in no case would a litigant be able to bring a claim for declaratory relief. The concreteness of the

---

[5] The Court notes that other circuits have held along these lines. *See ACandS, Inc. v. Aetna Cas. And Sur. Co.*, 666 F.2d 819, 822–23 (3d Cir. 1981) ("Declaratory suits to determine the scope of insurance coverage have often been brought independently of the underlying claims albeit the exact sums . . . which the insurer may be laiblie to indemnify depend on the outcome of the underlying suits."); *Associated Indem. Corp. v. Fairchild Industries, Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) ("That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action.").

dispute is furthered by Travelers's obligations under California law to consider settlement in the Underlying Action as of this very moment. *See PPG Industries, Inc. v. Transamerica Ins. Co.*, 20 Cal. 4th 310, 312 (1999) ("In each policy of liability insurance, California law implies a covenant of good faith and fair dealing. This implied covenant obligates the insurance company, among other things, to make reasonable efforts to settle a third party's lawsuit against the insured.").[6]

Nevertheless, the Court finds that Stellar has shown that a stay is warranted pursuant to the *Landis* factors. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1979) (noting the competing interests to be weighed in determinine whether a stay should issue are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"). Under the *Landis* factors, Stellar has shown that a stay will (1) impose little harm to Travelers, (2) prejudice to Stellar from having to fight a "two-front" war in this action as well as the Underlying Action, and (3) promote the orderly course of justice in conserving judicial resources, as if there is no liability to Stellar, this action will be moot. Motion at 24.[7]

---

[6] Although Stellar argues that an extracontractual duty should not impact Travelers's contractual duty to indemnify, Stellar cites no binding authority on this point. Reply at 5–6. Regardless of whether it is a contractual obligation or not, it is a legal obligation that would be affected by a resolution from the relief sought. Moreover, the Court does not find it necessary that there be an allegation of an imminent settlement offer, because the obligation itself is ongoing. Rather, this lack of an imminent settlement offer only moots Stellar's point that an insurer cannot evaluate the reasonableness of a settlement offer based on a "belief that the policy does not provide coverage." *Johansen v. California State Auto Ass'n. Inter-Ins. Bureau*, 15 Cal. 3d 9, 16 (1975). Although once a settlement offer is made, Travelers may have a duty to evaluate it without regard to its beliefs regarding what the policy covers, it is not clear why that would not be relevant to seeking settlement as a whole. In particular, Travelers may ultimately determine that it should make an offer to settle based on its understanding of coverage without regard to whether it receives a settlement offer. Therefore, a resolution in this case would impact Travelers's actions, further demonstrating a real controversy.

[7] Travelers does not make any arguments with regards to the *Landis* factors and therefore the Court finds its arguments relating to them conceded. Rather, Travelers only argues that the Court must use the *Colorado River* framework to determine whether a stay is applicable here. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 832 (9th Cir. 2023). However, the Court does not find that this framework necessarily applies in all instances where there is a related state and federal action. Rather, the *Colorado River* inquiry involves determining whether the state and federal courts are dealing with the same or substantially similar questions. *See Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (to invoke a *Colorado River* stay, while "exact parallelism" is not required, it is enough that two proceedings are "substantially similar"). Here, that this case and the

## IV. Conclusion

For the foregoing reasons, the Court DENIES the Motion to Dismiss. ECF No. 24. However, the Court ORDERS that the action is stayed. The parties are ORDERED to file a joint status report every one-hundred eighty (180) days regarding the status of the Underlying Action.

IT IS SO ORDERED.

Dated: December 23, 2024

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

Underlying Action are related do not make them substantially similar, and Travelers themselves point out that its duty of indemnification is not at issue in the Underlying Action. Opposition at 13–14. Therefore, the Court does not find the application of *Colorado River* appropriate here.